UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COOLERIDGE BELL BEY,

                    Plaintiff,

          -against-

ADMINISTRATORS TRACY FERDINAND,
FRANCES ORTIZ, et al.,

                    Defendants.

1:24-CV-6684 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

          Plaintiff Cooleridge Bell Bey, who is appearing *pro se*, invokes the court's diversity

jurisdiction in his amended complaint,[1] but asserts that the federal constitutional or federal

statutory bases for his claims are: "Article III Section 2 Clause 1, the United Nations Rights

Indigenous People[,] [t]he Universal Declaration of Human Rights, [and] [t]he Treaty of Peace

and Friendship." (ECF 5, at 2.) He sues: (1) Judge Tracey Ferdinand, of the New York City Civil

Court, New York County, Housing Part ("Manhattan Housing Court"); (2) Judge Frances Ortiz

of the Manhattan Housing Court; (3) Alia Razzaq, the current or former Chief Clerk of the New

York City Civil Court, New York County; (4) the "Owners of New Savoy Park," which appears

to be a reference to the owners of the Savoy Park Apartments, a group of privately-owned

apartment buildings located in New York, New York[2]; (5) Samuel Vazquez, a process server

licensed by the City of New York; (6) New York City Police Officer Tobias; (7) New York City

Police Officer Schatz; (8) New York City Marshal Edward F. Guida; and (9) "Owner[s] of the

New Savoy Park/ Portfolio, LLC[,] their employers[,] managers (Patricia & Maintenance

---

[1] Plaintiff's amended complaint (ECF 5) is the operative pleading for this action.

[2] Plaintiff seems to allege that he resides in one of the apartments that constitute those
buildings.

Workers)[,]" and their attorney. (ECF 5, at 1, 8.) Plaintiff asks the Court to "put the corporate (dummy stock) in their foreign c[a]pacity (chattel) of USA Corp. By obeying the Law of the Land. [*sic*]" (*Id.* at 6.)

The Court construes Plaintiff's amended complaint as asserting claims of violations of his federal constitutional rights under 42 U.S.C. § 1983, as well as claims under state law. By order dated September 10, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action, but grants Plaintiff leave to replead certain claims in a second amended complaint, as specified below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff's 122-page amended complaint includes many frivolous allegations, most of which having nothing to do with his claims against the defendants. With respect to his claims against the defendants, however, Plaintiff alleges that "[t]he management [of] Savoy Apartments with [t]he United States Guise Housing Court of New York . . . has commit[ted] acts of treason, fraud[,] violence[,] corruption[,] [and] conspiracy." (ECF 5, at 9.) He also alleges that "[t]he New Savoy Apartment was and is gained by a will inheritance from [his] Uncle Fred Johnson who's [d]eceased since ([o]n or about April 8, would be two years ago)." (*Id.*) Plaintiff asserts that he "has a right[,] the subject-matter of ownership[,] the corpus of the property." (*Id.*)

Plaintiff has attached to his amended complaint copies of orders, a judgment, and a notice issued by the Manhattan Housing Court, including an order and judgment issued by Judge Ortiz on November 28, 2023, and entered by current or former Manhattan Housing Court Chief Clerk Razzaq on that same date, in a proceeding brought in that court known as *New Savoy Park*

*Portfolio LLC v. Santiago*, Index No. LT-300157-20/NY.[3] (*Id.* at 116.) In that order, Judge Ortiz awarded possession of the premises located at 60 West 142nd Street, Apt. 5L, New York, New York,[4] to New Savoy Park Portfolio LLC. (*Id.*) In that same order, Judge Ortiz ordered that a warrant of eviction issue "removing all named respondents from the described premises." (*Id.*) Judge Ortiz stayed the eviction "per Stipulation/Order," and noted that the earliest date on which that warrant could be executed was December 5, 2023. (*Id.*)

Plaintiff has also attached to his amended complaint a copy of a notice issued by the Manhattan Housing Court, and endorsed by New York City Marshal Edward F. Guida, with respect to the abovementioned proceeding; it informs the respondents in the abovementioned proceeding that "[t]he Landlord has Legal Possession of these premises pursuant to [a] Warrant of [the Manhattan Housing Court]." (*Id.* at 117.) It also informs the respondents in the abovementioned proceeding that the eviction date was to be June 4, 2024.

Plaintiff has further attached to his amended complaint a copy of a Decision/Order dated June 12, 2024, that was issued in that proceeding by Judge Ferdinand. (*Id.* at 112.) In that order, Judge Ferdinand ruled in the following manner:

> This summary holdover proceeding was commenced in July 2020 seeking possession of the premises known as 60 West 142nd Street, Apt. 5L, New York, New York on the grounds that the Respondents, Phillip Santiago and "J. Doe" were licensees of the former tenant of record Fred Johnson. The petition alleges that the tenant of record passed away in April 2019. After several adjournments and a DRP-223 motion, the Court set the matter down for an inquest. There is nothing to indicate that Respondents nor anyone claiming possession ever appeared in response to service of the pleadings, the numerous appearance notices sent by the court or to Petitioner's DRP motion for a judgment. On November 28, 2023, the Court conducted an inquest and awarded Petitioner a final judgment of possession and warrant of eviction.

---

[3] In addition to Phillip Santiago, an unidentified party referred to as "J. Doe" is also listed as a respondent in that action. (ECF 9, at 112.)

[4] That address appears to be Plaintiff's address of record.

The warrant issued on December 20, 2023, and on June 4, 2024, the Marshal executed the warrant of eviction. The movant brought the instant Order to Show Cause to be restored to possession of the subject premises. Petitioner opposes.

The Order to Show Cause is denied. Movant has not demonstrated requisite good cause to restore him to possession. Nor has movant established a reasonable excuse for his default nor a meritorious defense sufficient to vacate the default judgment and the ensuing warrant of eviction.

The affidavit in support challenges this Court's constitutional authority and jurisdiction as well as the Petitioner's ability/standing to maintain this proceeding. The Court, however, conducted an inquest and after due deliberation on all the documentary and testimonial evidence, including the pleadings, affidavits of service as well as documents establishing Petitioner's standing and claim to possession. Further, Article 7 of the [New York Real Property Actions & Proceedings Law] confers this court with jurisdiction over special proceedings to recover real property. Movant has not offered anything to refute or call into question the propriety of the judgment. Further, Movant conceded at argument that he had "found" papers "years ago" but did not come to court because the papers were not in his name.

Accordingly, the Order to Show Cause is denied. All stays are vacated.

(*Id.*) (citations omitted).

In addition, Plaintiff has attached to his amended complaint a copy of an affirmation of service by mail, signed by Samuel Vazquez, in which Vazquez attests that, on June 14, 2024, he mailed copies of a Notice of Entry of Judge Ferdinand's June 12, 2024 order to the respondents in the abovementioned action. (*Id.* at 113-15.)

In the caption of his amended complaint, Plaintiff refers to Police Officers Tobias and Schatz as "NYC Police Enforcers" (*id.* at 1), and states, later in the amended complaint, under a heading called "NYC Police Enforcers," that the "enforcers" "violated oath and Constitution Treaty Article 3. Assault, Batter[y], physically and verbal aggression, and refuse[d] to write (complainant) vand[al]lism, theft, etc. [*sic*]" (*id.* at 61). He also accuses the "enforcers" of "abuse, . . . battery, [and] assault." (*Id.* at 92, 93.)

**DISCUSSION**

**A.    Private prosecution**

Plaintiff seems to seek the criminal prosecution of at least some of the defendants or others. The Court must dismiss these claims seeking such relief. Plaintiff cannot initiate a criminal prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the federal criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the federal criminal prosecution of anyone, including the defendants, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

**B.    *Rooker-Feldman* doctrine**

To the extent that Plaintiff asks this Court to overturn a final order or judgment issued by the Manhattan Housing Court, including any of those noted above, in which that court denied Plaintiff's attempt to prevent or stay his eviction, the *Rooker-Feldman* doctrine requires the dismissal of such claims. Under this doctrine, a federal district court lacks authority to review a final state court order or judgment where a litigant seeks relief that invites the federal district court to reject or overturn such a final state court order or judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005). The *Rooker-Feldman* doctrine

6

"precludes a United States district court from exercising subject-matter jurisdiction." *Id.* at 291. This includes when a litigant seeks relief that invites a federal district court to reject or overturn a final state housing court decision ordering an eviction after a holdover proceeding. *See Trieu v. Extra Pace Assocs., LP*, No. 1:23-CV-6182 (LTS), 2024 WL 96673, at *3-4 (S.D.N.Y. Jan. 8, 2024); *DaCosta v. Wilmington Trust, N.A.*, No. 3:19-CV-0913, 2019 WL 4071785, at *3-5 (N.D.N.Y. Aug. 29, 2019), *report & recommendation adopted*, 2019 WL 5895494 (N.D.N.Y. Nov. 12, 2019); *Whitfield v. McClanahan*, No. 19-CV-0176, 2019 WL 885656, at *2 (E.D.N.Y. Feb. 22, 2019).

District court review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the litigant lost in state court; (2) the litigant complains of injuries caused by a final state court order or judgment; (3) the litigant invites district court review and rejection of the final state court order or judgment; and (4) the final state court order or judgment was rendered before the district court proceedings commenced. *See Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (internal quotation marks and citation omitted).

Because Plaintiff seems to seek this Court's review and its rejection or overturning of a final order or judgment directing his eviction, which was previously issued in a Manhattan Housing Court holdover proceeding in which he appears to have been a party (possibly, the unidentified respondent "J. Doe"), the *Rooker-Feldman* doctrine bars this Court from granting Plaintiff such relief. The Court therefore dismisses any of Plaintiff's claims that challenge any Manhattan Housing Court final order or judgment regarding Plaintiff's eviction from the abovementioned apartment, under the *Rooker-Feldman* doctrine, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 544 U.S. at 291.

C.    **Judicial immunity**

The Court must also dismiss, under the doctrine of judicial immunity, Plaintiff's claims under Section 1983 against Manhattan Housing Court Judges Ortiz and Ferdinand, and against current or former New York City Civil Court Chief Clerk Alia Razzaq and New York City Marshal Edward F. Guida, to the extent that Plaintiff seeks damages or injunctive relief against these defendants in their individual capacities. Under this doctrine, judges are absolutely immune from suit for damages in their individual capacities for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Judicial immunity does not apply when a judge takes action outside his or her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of all jurisdiction." *Mireles,* 502 U.S. at 11-12; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Courts have extended this immunity from damages to "others who perform functions closely associated with the judicial process," *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985), when they are performing discretionary acts of a judicial nature that are essential to the judicial process, *see Rodriguez v. Weprin*, 116 F.3d 62, 67 (2d Cir. 1997); *Oliver v. Heller*, 839 F.2d 37, 29-40 (2d Cir. 1988). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity,

injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Courts have also extended this amendment's immunity from injunctive relief to "judicial employees entitled to judicial and quasi-judicial immunity." *Triestman v. McGinty*, 804 F. App'x 98, 100 (2d Cir. 2020) (summary order); *Davis v. Thompson*, No. 23-CV-0705, 2024 WL 1018495, at *4 (E.D.N.Y. Mar. 8, 2024); *Caldwell v. Pesce*, 83 F. Supp. 3d 472, 484. (E.D.N.Y. 2015), *aff'd*, 639 F. App'x 38 (2d Cir. 2016) (summary order).

Manhattan Housing Court judges, as New York State judicial officers, enjoy judicial immunity when presiding over proceedings like the eviction proceeding described in the orders and judgment attached to Plaintiff's amended complaint. *See Powell v. N.Y. Hous. Court*, No. 1:23-CV-4617 (MKV), 2023 WL 6606846, at *3 (S.D.N.Y. Oct. 10, 2023); *Weissbrod v. Hous. Part of the Civil Court of the City of New York*, 293 F. Supp. 2d 349, 354-55 (S.D.N.Y. 2003); *McAllan v. Malatzky*, No. 1:97-CV-8291 (JGK), 1998 WL 24369, at *5 (S.D.N.Y. Jan. 22, 1998), *aff'd*, 173 F.3d 845 (2d Cir. 1999) (summary order). This immunity has been extended to Chief Clerks of state courts, when performing discretionary acts of a judicial nature that are essential to the judicial process. *See Gerken v. Gordon*, No. 1:24-CV-0435, 2024 WL 4608307, at *10 (N.D.N.Y. Oct. 29, 2024), *report & recommendation adopted*, 2024 WL 5001402 (N.D.N.Y. Dec. 6, 2024), *appeal pending*, No. 24-3336 (2d Cir.); *Caldwell*, 83 F. Supp. 3d at 482 n.5. It has also been extended to New York City Marshals when executing facially valid warrants of eviction. *See Williams v. Audobon TP4 LLC*, No. 1:23-CV-8758 (LTS), 2023 WL 8528552, at *4-5 (S.D.N.Y. Dec. 5, 2023) (collecting cases); *Morris v. Katz*, No. 11-CV-3556, 2011 WL 3918965, at *4 (E.D.N.Y. Sept. 4, 2011).

Plaintiff appears to assert claims under Section 1983 against Judges Ortiz and Ferdinand arising from their actions and/or rulings in Manhattan Housing Court proceedings in which

Plaintiff was a party, and against Razzaq and Guida arising from their actions in carrying out their duties associated with the abovementioned judges' actions and/or rulings. Plaintiff, however, fails to allege any facts showing that, in taking those actions and/or making such rulings, any these defendants acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Judges Ortiz and Ferdinand for "acts arising out of, or related to, individual cases before" them, *Bliven*, 579 F.3d at 210, and because he sues Razzaq and Guida for their discretionary acts of a judicial nature that were essential to the judicial process, the doctrine of judicial immunity applies to Plaintiff's claims under Section 1983 against these defendants. The Court therefore dismisses these claims under the doctrine of judicial immunity,[5] and consequently, because Plaintiff seeks monetary relief from defendants who are immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and as these claims are frivolous, *see* § 1915(e)(2)(B)(i); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

**D.    Claims under Section 1983 against the private defendants**

The Court must further dismiss Plaintiff's claims under Section 1983 against the private defendants – the "Owners of New Savoy Park," Samuel Vazquez, and "Owner[s] of the New Savoy Park/ Portfolio, LLC[,] their employers[,] managers (Patricia & Maintenance Workers)[,]"

---

[5] The amendment to Section 1983, allowing for injunctive relief against a judicial officer only if a state court declaratory decree was violated or state court declaratory relief is unavailable, precludes Plaintiff from seeking injunctive relief against these defendants. This is so because Plaintiff can seek review of these defendants' actions and/or rulings in the New York State courts. *See Berlin v. Meijia*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. Apr. 18, 2018) (effective May 18, 2018).

and those previous defendants' attorney. A claim for relief under Section 1983 must allege facts showing that the defendants acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Meadows v. United Servs.*, Inc., 963 F.3d 240, 243 (2d Cir. 2020) ("State action [for the purpose of Section 1983 liability] requires *both* . . . the exercise of some right or privilege created by the State . . . *and* the involvement of a person who may fairly be said to be a state actor." (internal quotation marks and citation omitted, emphasis in original)). Private individuals and other entities are not generally considered to be state actors. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . ." (internal quotation marks and citations omitted)). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970), a private attorney's or a private legal aid organization's legal representation does not constitute state action for the purpose of stating a claim under Section 1983 against that attorney or organization, regardless of whether that attorney or organization is privately retained, court-appointed, or is a public defender, *see Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 (1981), and *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)); *Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000); *see also Shorter v. Rice*, No. 12-CV-0111, 2012 WL 1340088, at *4 (E.D.N.Y. Apr. 10, 2012) ("[I]t is axiomatic that neither public defenders, such as

Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position.").

Plaintiff has alleged no facts showing how these private defendants acted as state actors when they allegedly violated Plaintiff's federally protected rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against these defendants for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

### E.     Claims under Section 1983 against Tobias and Schatz

The Court must dismiss Plaintiff's claims under Section 1983 against the two remaining state actor defendants, Police Officers Tobias and Schatz, including any such claims arising from their alleged use of excessive force on Plaintiff. To state a claim under Section 1983, a plaintiff must allege facts showing an individual state actor defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983." (internal quotation marks and citation omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under [Section] 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

"[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989). In

evaluating an excessive force claim against police officers under the Fourth Amendment, the central question is "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397 (internal quotation marks omitted). The reasonableness of an officer's force used on an individual depends on the totality of the circumstances, and involves a "careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal quotation marks and citations omitted). A plaintiff need not always sustain lasting injuries to state a claim of excessive force. *See, e.g.*, *Graham v. City of New York*, 928 F. Supp. 2d 610, 618 (E.D.N.Y. 2013) ("Defendants are liable as long as the force used exceeded the force needed for the factual circumstances, and the fact that Plaintiff may not have sustained serious long-lasting harm is not dispositive."). This objective reasonableness standard has been used when analyzing a plaintiff's claim that police officers used excessive force during the course of an eviction. *See Pelt v. City of New York*, No. 11-CV-5633, 2013 WL 4647500, at *13-14 (E.D.N.Y. Aug. 28, 2013).

In the caption of his amended complaint, Plaintiff refers to Tobias and Schatz as "NYC Police Enforcers" (ECF 5, at 1), and states, later in the amended complaint, under a heading called "NYC Police Enforcers," that the "enforcers" "violated oath and Constitution Treaty Article 3. Assault, Batter[y], physically and verbal aggression, and refuse[d] to write (complainant) vand[al]lism, theft, etc. [*sic*]" (*id.* at 61). He also accuses the "enforcers" of "abuse, . . . battery, [and] assault." (*Id.* at 92, 93.) Plaintiff does not, however, allege facts sufficient to show how Tobias and Schatz themselves were directly and personally involved in violations of Plaintiff's federal constitutional rights. In addition, with respect to any claims under Section 1983 against these defendants alleging that they used excessive force on him, Plaintiff

13

alleges no facts showing how Tobias and Schatz were objectively unreasonable, in light of the circumstances confronting them, when they used force on Plaintiff. Accordingly, the Court dismisses Plaintiff's claims under Section 1983 against Tobias and Schatz for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead these claims in a second amended complaint in which Plaintiff alleges facts sufficient to state claims under Section 1983 against Tobias and Schatz.

### LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks omitted)). Because Plaintiff may be able to allege additional facts to state a valid claims under 42 U.S.C. § 1983 against Tobias and Schatz, the Court grants Plaintiff 30 days' leave to replead his claims under Section 1983 against these defendants in a second amended complaint, as specified above.

If Plaintiff does not file a second amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment in this action. It is understood that, in that judgment, the court will dismiss Plaintiff's claims for the reasons stated in this order, *see supra*

14

at 6-14, and will also decline to consider, under its supplemental jurisdiction, Plaintiff's claims

under state law, *see* 28 U.S.C. § 1367(c)(3).

### WARNING

The court previously warned Plaintiff, due to his earlier filing of two other actions in this

court that were dismissed for lack of subject matter jurisdiction, "that further similar litigation in

this [c]ourt will result in an order barring Plaintiff from filing new actions [in this court] IFP

without prior permission." *Bey v. The Mount Sinai Hosp.*, No. 1:19-CV-9573 (CM), 2019 WL

6324277, at *2 (S.D.N.Y. Nov. 26, 2019). After the court issued that warning, Plaintiff filed

another action in this court, which, like the present action, seemed to have something to do with

the passing of Plaintiff's uncle and with the apartment at issue, that was dismissed as frivolous.

*See Bey v. Surrogate's Court, New York, New York*, No. 1:21-CV-3797 (LTS), 2021 WL

3667947 (S.D.N.Y. Aug. 17, 2021). It seems that, in filing the present action, Plaintiff may be

continuing his pattern of bringing nonmeritorious litigation in this court. Accordingly, the Court

warns Plaintiff that, if he continues to bring nonmeritorious litigation in this court, the court may

issue an order barring Plaintiff from filing new civil actions in this court IFP without leave of the

court. *See* 28 U.S.C. § 1651.

### CONCLUSION

For the reasons stated in this order, the Court dismisses this action. The Court, however,

grants Plaintiff 30 days' leave to replead the claims against Tobias and Schatz specified above in

a second amended complaint.

If Plaintiff does not file a second amended complaint within the time allowed, the Court

will direct the Clerk of Court to enter a judgment in this action. It is understood that, in that

judgment, the court will dismiss Plaintiff's claims for the reasons stated in this order, *see supra*

at 6-14, and will also decline to consider, under its supplemental jurisdiction, Plaintiff's claims

under state law, *see* 28 U.S.C. § 1367(c)(3).

        The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:    May 21, 2025
          New York, New York

                                   *Louis L. Stanton*
                                    Louis L. Stanton
                                    U.S.D.J.